# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Renato Ariza Dominguez and Maria Clara Leonor Rivera Cordero, as surviving parents of decedent, Francisco Javier Dominguez Rivera, and as successors in interest,<br><br>    Plaintiffs,<br>v.<br><br>Nicholas William Corbett,<br><br>    Defendant. | CV 08-648 TUC DCB (BPV)<br>(Lead) |
| Renato Ariza Dominguez, individually as the surviving father of Francisco Javier Dominguez, and as Successor-in-Interest to the Estate of Francisco Javier Dominguez Rivera, Maria Clara Leonor Rivera Cordero, individually as the surviving Mother of Francisco Javier Dominguez, and as Successor-in-Interest to the Estate of Francisco Javier Dominguez Rivera,<br><br>    Plaintiffs,<br>v.<br><br>The United States of America; Nicholas William Corbett; United States Border Patrol Agents 1-100; Unknown Named Supervisory Agents 1-100; U.S. Department of Homeland Security; U.S. Customs and Border Protection; United States Border Patrol; U.S. Immigration and Customs Enforcement Agency; United States Department of Justice,<br><br>    Defendants. | CIV 09-474 TUC DCB (BPV)<br>(Consolidated)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant United States' Motion to Dismiss and Motion to Strike Portions of the First Amended Complaint (Doc. 23). Defendant Corbett joins in both motions. (Doc. 24.)

The case has been referred to Magistrate Judge Velasco for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

A hearing on the motions was held on Wednesday, July 28, 2010.

For reasons which follow, the Magistrate Judge recommends that the District Court GRANT Defendants' Motion to Dismiss Portions of the First Amended Complaint with leave to amend in part and without leave to amend in part, DENY AS MOOT with leave to re-urge Defendants' Motion to Strike Portions of the First Amended Complaint.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2008, Plaintiffs filed a claim against Defendant Nicholas Corbett alleging violations of the United States Constitution and civil rights violations: CV 08-648 TUD DCB. ("*Bivens*[1] Complaint")  On August 24, 2009, Plaintiffs filed a federal tort claim against Defendant Corbett and the United States Government: CV 09-474 TUC BPV. ("FTCA Complaint")  Both cases involve the use of deadly force against decedent Francisco Javier Dominguez Rivera ("Dominguez") by Defendant Corbett on January 12, 2007, when Dominguez was apprehended after illegally crossing the Mexico-United States border. On September 11, 2009, the District Court consolidated the two suits. (Doc. 18.)

Following Defendant United States' filing of a motion to dismiss and strike portions of the first complaints, Plaintiffs filed amended complaints in both the *Bivens* and federal tort claims action. (Doc. 21 ("Amended *Bivens* Complaint") and 22

---

[1] *Bivens v. Six Unknown named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

("Amended FTCA Complaint").) Thereafter, Defendant United States filed a motion to dismiss and to strike portions of the first amended complaints. (Doc. 23.) Defendant Nicholas Corbett filed a notice of joinder in the motion to dismiss and motion to strike. (Doc. 24.) A response (Doc. 25) and reply (Doc. 26) were filed.

## II.     DISCUSSION

### A.     Motion to Dismiss

#### 1.     *Defendants' Motion to Dismiss*

Defendants argue that the second claim of the Amended FTCA Complaint, a negligence claim, should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6) Fed.R.Civ.P., because it is conclusory, and devoid of well pled factual allegations that would support a plausible claim for negligence.

Defendants argue that the third claim of the Amended FTCA Complaint, for negligent hiring, retention and supervision, is effectually an untimely *Bivens* supervision claim, and should be dismissed for lack of subject matter jurisdiction, and for failure to state a claim, pursuant to Rule 12(b)(6) Fed.R.Civ.P.

Defendants argue that the second claim of the Amended Bivens Complaint for supervisory responsibility should be dismissed for lack of subject matter jurisdiction because it appears to be brought against potential supervisors in their official capacity and the United States has not waived its sovereign immunity for constitutional tort claims.

#### 2.     *Plaintiffs' Position*

Plaintiffs oppose Defendants' motion to dismiss, arguing that second claim of the Amended Complaint, the negligence claim, should not be dismissed because it is pled in the alternative, and Plaintiffs may allege more than one theory as to how the Defendant is liable for Plaintiffs' injuries.

Defendants argue that the third claim of the Amended FTCA Complaint should not be dismissed because it raises a claim of actual misconduct, by specific individuals whose identity is unknown at this time.

3

Defendants argue that the second claim of the Amended Bivens Complaint for should not be dismissed because Plaintiffs do not contend that the United States is liable because it possesses certain policies, rather, Plaintiffs contend that unknown individuals employed by the United States are liable for their own acts that violate decedent and Plaintiffs' constitutional rights, a proper claim under *Bivens*.

B.  Discussion

   1.  *Governing Standards*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988); *See, e.g., Land v. Dollar*, 330 U.S. 731, 735, n.4 (1947) ("when a question of the District Court's jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the facts as they exist.").

"Federal courts are not courts of general jurisdiction; they have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (*citations omitted*).

As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United* States, 492 F.3d 1084, 1087-88 (9th Cir. 2007)(quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985))  A waiver of sovereign immunity must be unequivocally expressed, and "[w]here a suit has not been consented to by the United States, dismissal of the action

4

is required .... [because] the existence of such consent is a prerequisite for jurisdiction." *Id.* 492 F.3d at 1088 (quoting *Gilbert*, *supra*). "The Supreme Court has 'frequently held ... that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'" *Id.*, 492 F.3d at 1088 (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). An action must be dismissed unless plaintiff satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress. *Id.* (citing *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

In addition to these jurisdictional issues, a case may be dismissed if it fails to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). To survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007)) (internal citations omitted). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996)(citing *Everest & Jennings v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994)). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Although "a complaint need not contain detailed factual allegations," *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint,

5

*see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

  C. Second Claim of the Amended FTCA Complaint

    1. *Factual Allegations*

The Second Claim of the Amended FTCA Complaint alleges that Defendant Corbett "negligently or otherwise wrongfully breached his duty of due care when he placed himself in a position such as to use excessive deadly force and discharge a firearm at [Dominguez], resulting in [Dominguez's] death." (Doc. 21, ¶ 42.) The complaint further alleges that Corbett "should have maintained appropriate precautions such as to not discharge his firearm and cause the death of decedent and Corbett breached these duties when he negligently or otherwise used excessive deadly force and wrongfully shot [Dominguez] causing [Dominguez's] untimely death." (*Id*., ¶ 43.) Plaintiffs allege in the factual allegations supporting this claim that Dominguez had "assumed a kneeling or prone position" and was "attempting to surrender by kneeling down to the ground" when Corbett "yelled and/or hit [Dominguez] in the head while approaching [Dominguez] at close range" and "then shot and killed Francisco (Decedent), execution style, within a firing range of approximately 3 to 12 inches." (*Id*., ¶ 24-25.) The complaint also alleges that Corbett's contention that he shot in self defense is "meritless" as evidenced by witness testimony and existing physical evidence." (Id., ¶ 28.)

    2. *Analysis*

 Plaintiffs oppose the motion to dismiss, arguing first, as to all arguments raised by Defendants in support of their motion to dismiss that, having filed an amended complaint specifically to remedy issues raised by Defendants in the first motion to dismiss,

Defendants should be estopped from arguing issues that it had the opportunity to move to strike or dismiss in the first motion to dismiss, but did not do so. (Doc. 25, at 7.) Plaintiffs' failure to cite any authority in support of this argument makes their argument unpersuasive. Additionally, "the objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment" and a Rule 12(b)(6) objection "endures up to, but not beyond trial on the merits." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002)("subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"). Finally, Rule 12(h) states that "a party waives any defense listed in Rule 12(b)(2)-(5) by ... omitting it from a motion in the circumstances described in Rule 12(g)(2)." Notably, however, Rule 12(b)(1) (lack of subject-matter jurisdiction) and Rule 12(b)(6) (failure to state a claim upon which relief can be granted) are omitted from the waiver provision. Accordingly, Defendants are not estopped from arguing their motion to dismiss under Rule 12(b)(1) and 12(b)(6).

Defendants argue that the second claim of the Amended FTCA Complaint, a negligence claim, should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6) Fed.R.Civ.P., because it is conclusory and devoid of well pled factual allegations that would support a plausible claim for negligence. (Doc. 23, at 5.)

Plaintiffs argue that the negligence claim is pled in the alternative, and that Plaintiffs are allowed to allege more than one theory as to how the Defendants are liable for Plaintiffs' injuries. Respondents correctly concede that a plaintiff is generally entitled to plead alternative or multiple theories of recovery on the basis of the same conduct on the part of the defendant, (Doc. 26, at 3); see Fed.R.Civ.P. 8(d)(2) ("A party may set out [two] or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."), but reassert that Plaintiffs have not

addressed their contention that they have failed to meet the basic pleading requirements, offering no facts which could support a negligence cause of action.

Plaintiffs argue that under the pleading standard established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the complaint is sufficient if the facts alleged support any valid claim; *i.e.*, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley*, however, was expressly overruled by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-563 (2007).

Plaintiffs point out that the theory pled in the complaint is that (1) Corbett owed Plaintiffs and Dominguez a duty not to negligently cause his firearm to go off, shooting Dominguez, and killing him; (2) that Corbett breached that duty by negligently firing his gun at Dominguez; and (3) that his breach was the legal cause of Dominguez's death and Plaintiffs' injuries.  (Doc. 25, at 11) Plaintiffs further argue that the "jury may believe that Corbett was mistaken in his belief about the situation he confronted or that the gun 'just went off' or that he should have waited to see better before shooting or many other possibilities that constitute negligence."[2]  (*Id.*)

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P.  Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s).  The United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  While a complaint need not plead "detailed factual allegations," the factual

---

[2] Because this is an FTCA claim, Plaintiffs are not entitled to a jury on this factual issue.  The essence of the Plaintiffs' argument is essentially the same, however, in that the fact-finder, in this case the Court, could make these findings.

8

allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 1965 n. 3. The complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2) ]; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89 (2007). More recently, however, the Supreme Court held that, in order to survive a motion to dismiss, a complaint must contain "sufficient factual matter" to state a claim to relief, plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

Plaintiffs allege that Corbett should have maintained appropriate precautions such as to not discharge his firearm, and breached these duties when he negligently or otherwise used excessive deadly force and wrongfully shot Dominguez. While this is sufficient to establish what the claim is, it does not provide fair notice of "the grounds upon which it rests." *Id*. The Court is not required to accept as true legal conclusions, and, thus, a threadbare recital of the element of a cause of action, is insufficient to survive a motion to dismiss. *See Id.* The Magistrate Judge finds that the facts alleged by Plaintiff do not permit the court to "infer more than the mere possibility of misconduct," and thus, the Amended FTCA complaint is lacking in sufficient factual matter to state a claim of negligence. The Magistrate Judge recommends granting Defendant's motion to dismiss as to the second claim of the Amended FTCA Complaint.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital,*

9

*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Although dismissal for lack of subject-matter jurisdiction is generally without prejudice, if there is no way a jurisdiction defect can be cured, dismissal with prejudice is proper, as, for example, when lack of subject-matter jurisdiction is based on a defendant's sovereign immunity. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Plaintiff has failed to show that this Court has subject matter jurisdiction over any of his claims.

Plaintiffs claim of negligence in the second claim of the Amended FTCA complaint could be saved by amendment if Plaintiffs plead sufficient factual matter to state a claim of negligence. The Magistrate Judge therefore recommends that the District Court dismiss the second claim in the Amended FTCA Complaint without prejudice.

      D.      <u>Third Claim of the Amended FTCA Complaint</u>

            1.      *Factual Allegations*

The Third Claim of the Amended FTCA Complaint alleges that Defendant United States' employees and/or agencies, and others, had a duty to use appropriate procedures in the hiring, retention and supervision of Border Patrol agents, including Defendant Corbett. (Doc. 21 ¶ 47.) Plaintiffs allege that these duties included "making sure that a Border Patrol Agent who was hired was sufficiently qualified, did not have inappropriate activities that reflected a propensity for violence and for racial or ethnic hatred" and "an ongoing duty to monitor its employees and to supervise its employees." (*Id*.) Plaintiffs allege Defendant United States should have known of the ethnic and/or racially motivated physical altercations that Corbett had been responsible for before and during his employment as a U.S. Border Patrol Agent (*Id*., ¶ 48), and did know that Corbett engaged in aggressive altercations with others and failed to recognize discriminatory behavior on the part of Corbett. (*Id*., ¶ 49) Specifically, Plaintiffs allege that Defendant United States and its employees and/or agencies knew of Corbett's vocal expression of his hatred of blacks and Mexicans, that he had assaulted a neighbor, and had committed acts of domestic violence on at least three occasions. (*Id*., ¶ 50.) Plaintiffs allege that by

consciously and deliberately overlooking Corbett's misconduct and criminal acts Defendant established a tolerated pattern of constitutional violations amongst their subordinate officers and emboldened Corbett to blatantly violate the constitutional rights of Dominguez. (*Id.*, ¶ 52.)

        2.    *Analysis*

Defendants argue that Plaintiffs are attempting to bring an untimely *Bivens* supervision claim through the FTCA, and the third claim of the amended FTCA complaint should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for constitutional tort claims. (Doc. 23, at 6-7.) Defendants also argue that Plaintiffs fail to state a claim because the third claim does not contain facts regarding any individual employee, who acting within their scope of employment, committed a tort against Plaintiffs. Finally, Defendants argue that the third claim does not set forth facts that permit the Court to infer more than the mere possibility of misconduct. (Doc. 23, at 7.)

Plaintiffs oppose Defendants' motion, asserting that the FTCA allows for a cause of action against the United States for the tortious and/or negligent acts or omissions of its agents and/or employees, and the third claim pleads a claim for relief for the tortious conduct, act or omission, of specific United States employees and/or agents whose true identify is unknown to Plaintiffs at this time.

*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. A *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which is ordinarily barred by sovereign immunity. *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir.2000). Plaintiffs clearly allege that Defendant United States is sued under the Federal Tort Claims Act for their employees' and agencies' torts committed while acting within the course and scope of their employment. (Doc. 21, ¶¶ 3-8). Thus, the issue is whether or not Plaintiffs' claim is barred by sovereign immunity.

Plaintiffs cite 28 U.S.C. § 1346(b)(1) in support of their opposition to Defendants' motion. Section 1346(b)(1) states in relevant part as follows:

> the district courts ... shall have exclusive jurisdiction of civil actions ... for money damages ... for injury or loss of property, or personal injury or death caused by *the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id*., (Emphasis added).

The FTCA waives sovereign immunity only under circumstances where a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. See 28 U.S.C. § 2674. Thus, the FTCA directs us to look to the law of the state in which the government official committed the tort to determine the scope of sovereign immunity.

Claims based directly on a violation of Plaintiffs' constitutional rights, however, should be dismissed. The FTCA does not apply to direct constitutional violations. *Federal Depoist Insurance Corporation v. Meyer*, 510 U.S. 471, 477-78 (1994); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir.2001); *Rhoden v. United States*, 55 F.3d 428, 432 n. 5 (9th Cir.1995) ("A plaintiff cannot bring an FTCA claim against the United States based *solely* on conduct that violates the Constitution because such conduct may violate only federal, and not state, law.") (emphasis in original). Plaintiffs cite no authority in support of the right to bring an FTCA claim based directly on a violation of Plaintiffs' constitutional rights.

Defendants argued in court that, even if the claim were omitted to delete the allegation of constitutional violations, it could not be saved because negligent supervision claims are barred by the discretionary function exception of the FTCA, found at § 2680(a). The discretionary function exception precludes claims against the United States which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the

12

Government, whether or not the discretion was abused." 28 U.S.C. § 2680(a). *See Nurse v. United States*, 226 F.3d 996 (2000).

The allegations in the Amended FTCA Complaint, at paragraph 53, state that Defendants established a custom and practice of condoning and ratifying misconduct and criminal activity, and tolerating a pattern of constitutional violations. While, typically, the promulgation of policies and rules is protected by the FTCA's discretionary function exception, *Id.*, at 1002 (citations omitted), the allegations in Paragraph 53 take the claim outside the discretionary function exception because Defendants have no discretion to promulgate such practices and policies. *See Id.* at 1002. (because the alleged decisions of the policy-making defendants may have been non-discretionary, dismissal of FTCA claims based on those decisions must be reversed, suggesting that if acts of policy-making defendants violate the Constitution, they are not discretionary.)

As Defendants correctly note, however, the allegations fail to set fort well pled facts to make a plausible claim as required by *Iqbal*. The third claim does not contain facts regarding any individual employee (by either name or description), who, acting within the scope of their employment, committed a tort against Plaintiff. Additionally, the claim does not allege facts that permit the court to infer more than the mere possibility of misconduct.

Accordingly, Plaintiff have failed to establish subject matter jurisdiction of those portions of the claim alleging negligent hiring, supervision and retention of employees, because these acts fall under the discretionary function exception of the FTCA. Plaintiffs may establish subject matter jurisdiction through allegations that Defendants established a custom and practice of condoning and ratifying misconduct and criminal activity, and tolerating a pattern of constitutional violations, however, the allegations fail to allege sufficient factual allegations to state a claim.

This Court lacks subject matter jurisdiction over the portions of Plaintiffs claim that allege negligent hiring, retention and supervision, which cannot be cured by

amendment. Plaintiffs have, however, alleged grounds for relief that fall outside the discretionary function exception, and, although Plaintiffs have failed to allege sufficient factual matter in support of such a claim, this portion of the claim could be saved through amendment. Accordingly, the Magistrate Judge recommends dismissing with prejudice the portion of the claim alleging a constitutional tort, and claims of negligent hiring, supervision and retention, and dismissing without prejudice those portions of the complaint that allege policy-making defendants promulgated policies and practices condoning misconduct, criminal activity and constitutional violations.

      E.      Second Claim of the Amended Bivens Complaint

           1.      *Factual allegations*

Plaintiffs second claim in the amended Bivens complaint for relief for supervisory responsibility for violations of civil rights under color of law is brought pursuant to *Bivens v. Six Unknown named Agents of the Federal Bureau of Narcotics*, 405 U.S. 388 (1971), for violation of Dominguez's rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. (Doc. 22, ¶ 60[a][3].) Plaintiffs allege that "unknown border patrol supervisory personnel implemented and maintained customs, policies and/or practices to encourage the use of excessive force by [Corbett] ... and ...intentionally, deliberately, and/or were indifferent to the violation of the constitutional rights of persons in the same situation as and including the Decedent." (*Id*., ¶ 54[b].) The complaint further alleges that, on January 12, 2007, the border patrol supervisory personnel participated in, encouraged, fostered, condoned and ratified the conduct of Corbett in approaching, assaulting, seizing, and using unlawful deadly force in shooting and killing Dominguez. (*Id*., ¶ 54.) The amended *Bivens* complaint also alleges that because of their failure to prevent the continuing constitutional violations by their

---

[3] The amended *Bivens* complaint contains two sets of paragraphs numbered 53 to 60. The Court will refer to the first set as ¶ # [a] (pp. 15-17 of the complaint), and the second set as ¶ # [b]).

14

subordinates and because of the establishment of policies and failure to adequately train their subordinates, unknown border patrol supervisory personnel are individually liable for the constitutional violations committed by Corbett.  (*Id*., ¶ 60[b].)

### 2. *Analysis*

Defendants argue that the doctrine of sovereign immunity precludes a *Bivens* action against an officer in his or her official capacity, a federal agency or the United States.  (Doc. 23, at 8.)  Defendants assert that although Plaintiffs allege that the claim is directed toward supervisory personnel in their individual capacities, the allegations make clear that the intent is to sue them for alleged acts performed in their official capacity.  (*Id.*)  Defendants observe that Plaintiffs allege that the supervisory personnel were "acting within the course and scope of their employment with the United States of America" and makes repeated reference to customs, practices and policies.  (Amended Bivens Complaint, ¶¶ 5, 15, and 18.)

Plaintiffs oppose the motion to dismiss, arguing that they do not contend the United States of America is liable because it possesses certain policies, but that the unknown individuals who are employed by the United States of America are liable for their own acts that violate one's constitutional rights, and that here, the unknown defendants acted in a manner that violated decedents's and Plaintiffs' constitutional rights.  Plaintiff argue that, upon identifying those officials responsible, Plaintiffs can amend the complaint to properly name those officials.

Though the doctrine of sovereign immunity precludes a *Bivens* action against an officer in his or her official capacity, federal officers acting under color of federal law while performing their duties may be liable under *Bivens* when their actions exceed the scope of their legal authority.  *See Kreines V. United States*, 33 F.3d 1105, 1107 (1994).

Defendants also argue that Plaintiffs fail to state a cognizable claim because the Supreme Court rejected the proposition of "supervisory liability" under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  In *Iqbal*, the Supreme Court held that, "[b]ecause vicarious

liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*, 129 S.Ct. at 1948.  Direct personal participation, however, is not necessary to establish liability for a constitutional violation. *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (2009)[4](citing *Kwai Fun Wong v. United States*, 373 U.S. 952, 966 (9th Cir. 2004).  "Supervisors can be held liable for the actions of their subordinates (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *Id.* at 965 (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991) (internal quotation marks omitted)). Any one of these bases will suffice to establish the personal involvement of the defendant in the constitutional violation. *Id*. Nonetheless, "bare assertions regarding an invidious policy are not entitled to the assumption of truth because they amount to 'nothing more than a formulaic recitation of the elements of a constitutional discrimination claim.'" *Id*. at 974 (quoting *Iqbal* at 1951.)  In *al-Kidd*, the Ninth Circuit found allegations of a complaint plausibly suggested something more than just bare allegations of improper purpose when it attributed specific statements and actions to specific individuals, in contrast to the allegations made in *Iqbal* which contained no factual allegations detailing statements made by the specific individual. *Id.* at 975.  Additionally, unlike in *Twombly* and *Iqbal*, where the plaintiffs alleged a conspiracy or discriminatory practice in the most conclusory terms, *al-Kidd* did not rely

---

[4] In *al-Kidd*, the Ninth Circuit considered the necessity that a complaint include allegations of a defendant's personal involvement in a constitutional violation as a component of a qualified immunity analysis, but noted that the question was also a part of the substance of *Bivens* liability.

16

solely on his assertion that the individual defendant "ordered encouraged, or permitted 'policies and practices [whereby] individuals have also been impermissibly arrested and detained as material witnesses.'" *Id*.

Because the complaint does not name any individual supervisory officials, it fails to identify how the actions of individual officials could foreseeably have caused the violations alleged in the complaint. The current complaint, however, is insufficient to allege any constitutional violations by named supervisors, none of whom is alleged to have played a role in Corbett's January 12, 2007 confrontation with and shooting of Dominguez. Accordingly, the Magistrate Judge recommends dismissal of this claim.

Defendants argue that the statute of limitations bars the amendment of the complaint to add any additional defendants. Plaintiffs contend that, even though the true identity of unknown defendants is unknown to Plaintiffs, when the true identity becomes known, Plaintiffs will amend to add them as a party and it will relate back, pursuant to Fed.R.Civ.P. 15(c)(2), to the original complaint thereby satisfying the statue of limitations. Defendants correctly assert, however, that Rule 15(c)(2) applies only to actions against the United States or its officers or agencies when sued in their official capacities. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (9th Cir. 1996) (noting that notice to government officers who are sued personally cannot be inferred from service on another government officer). Accordingly, the Magistrate Judge finds that this claim cannot be cured by amendment and should be dismissed with prejudice.

F.     Motion to Strike

Defendants have moved to strike portions of the amended complaints regarding policies, customs and practice, as impertinent and scandalous, and because of the possibility that they would create the potential for unfair prejudice against the United States. (Doc. 23, at 10.) Defendants argue that this Court strike any references to alleged unconstitutional customs, policies and/or practices from the complaints as they are "impertinent and scandalous." (*Id*.) Additionally, Defendants submit that these claims

17

could prejudice the United States by subjecting it to areas of discovery that are not relevant, and, in the event the Court appoints an advisory jury, it could "give the false impression that the United States can be held liable in a civil action for its policy." (*Id*. at 11.)

Motions to strike may be filed only if authorized by statute or rule, or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order. LR Civ 7.2(m)(1). Rule 12(f), FED.R.CIV.P., permits a pleading to be struck, in whole or in part, for advancing "an insufficient defense or" containing "any redundant, immaterial, impertinent, or scandalous matter." Such action may be taken either on motion or *sua sponte*. See Fed.R.Civ.P. 12(f).

A Rule 12(f) movant not only must demonstrate the allegedly offending material is redundant, immaterial, impertinent, or scandalous, or constitutes an insufficient defense, but must also show how such material will cause prejudice. *Mag Instrument, Inc., v. JS Prod.'s, Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 008) ("Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief.") (citing *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003)). In this instance, the Defendants allege that the clams "regarding alleged policies, customs and practice should be stricken"as impertinent and scandalous, and because these claims could prejudice the Untied States by subjecting it to areas of discovery that are not relevant.

Because the Magistrate Judge recommends that the District Court dismiss these portions of the complaint, the Magistrate Judge also recommends that the District Court dismiss the motion to strike, with leave to re-urge after the filing of any amended pleading by Plaintiffs.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Defendants' motion to dismiss (Doc. 23) be GRANTED.

The Magistrate Judge further recommends that the dismissal be WITHOUT PREJUDICE as to the second claim of the Amended FTCA Complaint and the portion of the third claim of the Amended FTCA Complaint that alleges policy-making defendants promulgated policies and practices condoning misconduct, criminal activity and constitutional violations.

The Magistrate Judge recommends the dismissal be WITH PREJUDICE as to the portion of the third claim of the Amended FTCA Complaint alleging a constitutional tort as well as claims of negligent hiring, supervision and retention, and the second claim of the Amended *Bivens* Complaint in its entirety.

The Magistrate Judge further recommends that Defendants' motion to strike (Doc. 23) be DENIED.

The Magistrate Judge further recommends that Defendants motion to dismiss and motion to strike portions of the original complaints (Doc. No. 20) be DENIED AS MOOT.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CV 08-0648-TUC-DCB (lead) and CV 09-474-TUC-DCB (consolidated).**

//
//
//
//

19

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 5th day of August, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge