WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Renato Ariza Dominguez and Maria Clara Leonor Rivera Cordero, as surviving parents of decedent, Francisco Javier Dominguez Rivera, and as successors in interest,<br><br>Plaintiffs,<br><br>v.<br><br>Nichols William Corbett,<br><br>Defendant, | CV 08-648 TUC DCB (BPV) |
| Renato Ariza Dominguez, individually as the surviving Father of Francisco Javier Dominguez, and as Successor-in-Interest to the Estate of Francisco Javier, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America, et. al.,<br><br>Defendants. | CV 09-474 TUC DCB (BPV)<br><br>**O R D E R** |

This matter was referred to Magistrate Judge Bernardo P. Velasco on September 11, 2009, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On August 5, 2010, Magistrate Judge Velasco issued a Report and Recommendation (R&R). (Doc. 36.) He recommended granting Defendants Motion to Dismiss Portions of the First Amended Complaint with leave to amend in part and without leave to amend in part. (Doc. 23.) He recommended denying, with leave to re-urge it, the Defendants' Motion to Strike Portions of the First Amended Complaint. (Doc. 23.) The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions

of law of this Court and grants in part and denies in part the motion to dismiss and strike portions of the First Amended Complaint. (Doc. 23.).

## STANDARD OF REVIEW

The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed. The Government filed a Notice of non-objection with a reservation of rights as to the R&R that under the Federal Tort Claim Act (FTCA) a claim may be based on allegations that "policy-making defendants promulgated polices and practices condoning misconduct, criminal activity and constitutional violations." (R&R at 19.) These allegations are being dismissed, without prejudice.

## REPORT AND RECOMMENDATION

These consolidated cases arise from a shooting by Defendant Nicholas Corbett, a Border Patrol Agent, during the apprehension of several individuals for illegally crossing the Mexico-United States border, which killed Francisco Javier Dominguez Rivera (Dominguez). Plaintiffs filed a *Bivens* claim against Defendants alleging constitutional violations in CV 08-648 TUC DCB. Plaintiffs filed tort claims against Defendants under the FTCA in CV 09-474 TUC DCB.

Plaintiffs' Second Claim alleged in the FTCA Amended Complaint is for negligence. Defendants argue this claim fails, pursuant to Fed. R. Civ. P. R.12(b)(6), because it is conclusory and devoid of any well pled factual allegations to raise a plausible claim. The Magistrate Judge found the factual allegations sufficient to establish what the claim is, but found the FTCA Amended Complaint fails under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) because it does not permit the court to infer more than the mere possibility of misconduct. The Magistrate Judge recommended granting the motion to dismiss the Second Claim in the FTCA Amended Complaint with leave to amend it. (R&R at 6-10.)

The Third Claim in the FTCA Amended Complaint alleges that the employees of the federal government had a duty to use appropriate procedures in the hiring, retention, and supervision of Border Patrol Agent Corbett. Defendants challenged this claim as an untimely *Bivens* claim against supervisors and that constitutional tort claims are precluded under the FTCA. As alleged, the claim fails to name any individual employee, who acting within the scope of their employment, committed a tort against Plaintiffs, but Plaintiffs argue this is because the specific United States employees true identities are unknown at this time. The Magistrate Judge recognized that the FTCA does not support claims based directly on constitutional violations, and that generally negligent supervision claims fall within the discretionary function exception to the FTCA. (R&R at 12.) The Magistrate Judge recommended dismissing with prejudice this part of the Third Claim. The Magistrate Judge, however, noted that negligent supervision will not be considered discretionary where it promotes illegal or unconstitutional conduct. *Id.* at 12-13. As to this part of the Third Claim, the Magistrate Judge recommended it be dismissed for failure to allege a sufficient factual basis to raise it as a plausible claim, but that dismissal be without prejudice to amendment. *Id.* at 13-14.

The Second Claim in the *Bivens* Amended Complaint alleged supervisory responsibility for violations of Plaintiffs' civil rights under color of law. Recognizing that there can be no vicarious liability under *Bivens,* the Magistrate Judge noted that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

- 3 -

Constitution." (R&R at 16) (citing *Iqbal*, 129 S. Ct. at 1948). Again, the Magistrate Judge found that, here, the Plaintiff failed to sufficiently state facts to support such a case. Specifically, the *Bivens* Amended Complaint fails to name "any individual supervisory official, it fails to identify how the actions of individual officials could foreseeably have caused the violations alleged in the complaint." (R&R at 17.) The Magistrate Judge recommended dismissing this claim with prejudice because it is barred by the statute of limitations. Relation back provisions, Fed. R. Civ. P. R.15(c)(2), will not allow Plaintiffs to add supervisors, individually, as they become known because it applies only to actions against the United States or its officers or agencies when sued in their official capacities. *Id.* at 17.

The Magistrate Judge recommended denying as moot the Defendants' Motion to Strike portions of the amended complaints as being impertinent and scandalous, and because the allegations would create the potential for unfair prejudice against the United States. He recommended the Motion to Strike be denied, without prejudice to it being reurged subsequent to any amendments to the pleadings.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily

waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court grants in part and denies in part the Defendants Motion to Dismiss and Strike Portions of the Amended Complaints (doc. 23).

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (doc. # 36) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Motion to Dismiss (doc. 23) be granted in part, as follows: 1) FTCA Amended Complaint, Second Claim, without prejudice; 2) FTCA Amended Complaint, Third Claim, with prejudice as to allegations of constitutional torts, and without prejudice as to allegations that policy-making defendants promulgated policies and practices condoning misconduct, criminal activity and constitutional violations, and 3) *Bivens* Amended Complaint, Second Claim, with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Strike (doc. 23) is DENIED, without prejudice to it being reurged subsequent to any amendment.

**IT IS FURTHER ORDERED** that the Motion to Dismiss and Motion to Strike Portions of the [Original] Complaint (doc. 20) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Glenda E. Edmonds for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rules (Civil) 72.1.

DATED this 8th day of September, 2010.

David C. Bury
United States District Judge