# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Renato Ariza Dominguez and Maria Clara Leonor Rivera Cordero, as surviving parents of decedent, Francisco Javier Dominguez Rivera, and as successors in interest,<br><br>    Plaintiffs,<br>v.<br><br>Nicholas William Corbett,<br><br>    Defendant. | CV 08-648 TUC DCB (BPV)<br>(Lead) |
| Renato Ariza Dominguez, individually as the surviving father of Francisco Javier Dominguez, and as Successor-in-Interest to the Estate of Francisco Javier Dominguez Rivera, Maria Clara Leonor Rivera Cordero, individually as the surviving Mother of Francisco Javier Dominguez, and as Successor-in-Interest to the Estate of Francisco Javier Dominguez Rivera,<br><br>    Plaintiffs,<br>v.<br><br>The United States of America; Nicholas William Corbett; United States Border Patrol Agents 1-100; Unknown Named Supervisory Agents 1-100; U.S. Department of Homeland Security; U.S. Customs and Border Protection; United States Border Patrol; U.S. Immigration and Customs Enforcement Agency; United States Department of Justice,<br><br>    Defendants. | CIV 09-474 TUC DCB (BPV)<br>(Consolidated)<br><br>**REPORT AND RECOMMENDATION** |

     Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 40). Submitted in support of Plaintiffs' motion is a proposed second

amended complaint (Doc. 41), a declaration by Plaintiffs' counsel (Doc. 42) and Exhibits 1 through 5 (Docs 43-45).  A response to the motion was filed by Defendant United States (Doc. 46), which was joined by Defendant Nicholas Corbett (Doc. 47), and a reply was filed by Plaintiffs (Doc. 48).

The case has been referred to Magistrate Judge Velasco for all pretrial matters pursuant to Local Civil Rule 72.2.  Rules of Practice of the U.S. District Court for the District of Arizona.

For reasons which follow, the Magistrate Judge recommends that the District Court GRANT Plaintiffs' Motion For Leave to File Second Amended Complaint.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2008, Plaintiffs filed a claim against Defendant Nicholas Corbett alleging violations of the United States Constitution and civil rights violations: CV 08-648 TUD DCB. ("*Bivens*[1] Complaint")  On August 24, 2009, Plaintiffs filed a federal tort claim against Defendant Corbett and the United States Government: CV 09-474 TUC BPV. ("FTCA Complaint")  Both cases involve the use of deadly force against decedent Francisco Javier Dominguez Rivera ("Dominguez") by Defendant Corbett on January 12, 2007, when Dominguez was apprehended after illegally crossing the Mexico-United States border. On September 11, 2009, the District Court consolidated the two suits. (Doc. 18.)

Following Defendant United States' filing of a motion to dismiss and strike portions of the first complaints, Plaintiffs filed amended complaints in both the *Bivens* and federal tort claims action. (Doc. 21 ("Amended *Bivens* Complaint") and 22 ("Amended FTCA Complaint").)  Thereafter, Defendant United States filed a motion to dismiss and to strike portions of the first amended complaints.  (Doc. 23.)

---

[1] *Bivens v. Six Unknown named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

The District Court adopted the Magistrate Judge's recommendation that the second claim of the *Bivens* Complaint and the third claim of the Amended FTCA Complaint be dismissed with prejudice as to allegations of constitutional violations and allegations of negligent hiring, supervision and retention. (Doc. 38)

The District Court also adopted the Magistrate Judge's recommendation that the Defendants' motion to dismiss be granted without prejudice as to the portion of the third claim of the Amended FTCA Complaint alleging that policy-making defendants promulgated policies and practices condoning misconduct, criminal activity and constitutional violation, and the second claim of the Amended FTCA Complaint. (*See Id.*)

As to the claims dismissed without prejudice, the Magistrate Judge allowed Plaintiff to seek leave to file a second amended complaint curing the deficiencies in the amended complaint. (Doc. 39)

**II.    SECOND AMENDED COMPLAINT**

On October 5, 2010, Plaintiffs filed a motion for leave to file a second amended complaint (Doc. 40) and lodged a proposed second amended complaint ("Second Amended Complaint") with the Court (Doc. 41).

Defendants assert that the motion for leave to file should be denied because 1) the Second Amended Complaint contains *Bivens* and negligent supervision claims that the District Court previously dismissed with prejudice, and 2) Plaintiffs failed to cure the deficiencies of the third claim brought under the FTCA, and, 3) even if Plaintiffs had cured the deficiencies noted by the Court, this Court would still lack jurisdiction over such a claim under the FTCA, thus further amendment of the third claim would be futile. (Doc. 46)

    A.    *Bivens* claims

Defendant argues that paragraph 90 and paragraph 12 of the second amended complaint are an attempt by Plaintiffs to circumvent the District Court's order dismissing

3

the claim with prejudice and resurrect the previously dismissed *Biven's* claim.  Plaintiffs argue that a reading of the second amended complaint will demonstrate they have removed the supervisory responsibility claim.  A review of the complaint verifies Plaintiffs' assertion; Plaintiffs have deleted the entire second claim of the *Bivens*' Complaint.  The two paragraphs noted by Defendant were in fact present verbatim in the first amended complaint, making it less likely to be an attempt to circumvent the District Court's order, and more likely an oversight in both Plaintiffs' and Defendant's failure to notice the objectionable material in the permissible *Bivens'* claim.  These two paragraphs do not, by themselves, resurrect the objectionable claim.  The Magistrate Judge is confident that any future attempt to actually resurrect the supervisory responsibility *Bivens'* claim will be adjudicated promptly and fairly.  Plaintiffs are advised however, for the sake of clarity, to remove reference in any future amended complaint to unnamed border patrol agents as party to the *Bivens'* action.

    B.  <u>The Negligent Supervision FTCA Claim</u>

The District Court considered Plaintiffs' negligent hiring, retention and supervision claim (the Third FTCA Claim in the Amended FTCA Complaint) and dismissed with prejudice those portions claiming negligent supervision because, the Court found, it lacked subject matter jurisdiction over those portions, which could not be cured by amendment, because decisions of whether and how to retain and supervise an employee, as well as whether to warn about his dangerous proclivities, are the type of discretionary judgments that the discretionary function exception of 28 U.S.C. § 2680(a) to the FTCA's general waiver of immunity was designed to protect.

 "Federal courts do not have subject matter jurisdiction over tort actions based on federal defendants' performance of discretionary functions." *Garcia v. United States*, 826 F.2d 806, 809 (1987); 28 U.S.C. § 2680(a).  The Supreme Court has established a two-step analysis for determining whether the exception should be applied:  The first inquiry is whether the challenged action involved an element of choice or judgment, for it is clear

that the exception "will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). If choice or judgment is exercised, the second inquiry is whether that choice or judgment is of the type Congress intended to exclude from liability-that is, whether the choice or judgment was one involving social, economic or political policy. *Id.* The government carries the burden of showing that the exception applies. *Whisnant v. United States*, 400 F.3d 1177, 1180 (9th Cir. 2005).

While "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield;" *see Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 200); *see also Nurse v. United States*, 226 F.3d 996, 1001-02 (9th Cir. 200) (applying the exception to negligent and reckless employment, supervision and training), this does not "short-cut the two-step analysis, which typically involves the examination of 'governmental policy, as express or implied by statute, regulation, or agency guidelines.'" *Milano v. Aguilerra*, 2011 WL 662973 (S.D. Cal)(quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991). If the discretionary function exception is found to apply, it applies whether or not the policy-making defendants' actions or inactions were negligent or an abuse of discretion. *See generally Nurse, supra; Vickers*, 228 F.3d at 950; 28 U.S.C. 2680(a).

While the government has the discretion to decide how to carry out its responsibilities, it does not have discretion to abdicate its responsibilities, and "[w]hen it does so, the discretionary function exception cannot shield the government from FTCA liability for its negligent conduct." *Whisnant v. United States*, 400 F.3d 1177, 1183 (2005). This Court considered Defendants' motion to dismiss Plaintiffs' previous claim in the amended complaint and found that, although the Court lacked subject matter jurisdiction over the portions of Plaintiffs claim that alleged negligent hiring, retention and supervision, which could not be cured by amendment, Plaintiffs had alleged grounds for relief that fell outside the discretionary function exception, and, though Plaintiffs had

failed to allege sufficient factual matter in support of such a claim, the claim could be saved through amendment. This Court therefore recommended dismissing with prejudice the portion of the claim alleging a constitutional tort, and claims of negligent hiring, supervision and retention, and dismissing without prejudice those portions of the complaint that allege policy-making defendants promulgated policies and practices condoning misconduct, criminal activity and constitutional violations. The District Court adopted the recommendation.

Plaintiffs have now alleged that the United States, through the United States Border Patrol, and Unknown Border Patrol Supervisors, "instituted and maintained the existence of United States Border Patrol customs, policies, practices and procedures the purpose of some of which was to approve, ratify and condone acts of misconduct of agents within the ranks of the United States Border Patrol, including Defendant Corbett," and "established a custom and practice of condoning and ratifying misconduct and criminal activity, and tolerating a pattern of constitutional violations." (*Id.*, ¶¶ 29, 66)

Further, Plaintiffs alleged that the United States Border Patrol "has engaged in, encouraged and condoned a systematic pattern of unconstitutional use of deadly force against Mexican citizens who cross the international border between the United States and the Republic of Mexico. These unconstitutional practices and policies have been specifically applied at the Douglas Border Patrol station and have led to the unjustified and unconstitutional shooting of Mexican citizens and ultimately to the wrongful death of Francisco Javier Dominguez Rivera." (*Id.*, ¶ 32.)

Specifically, Plaintiffs allege that it is the custom policy and practice for United States Border Patrol supervisors, in violation of written policies, to not enforce reporting requirements regarding shootings or shots fired, and refusing and failing to take appropriate steps for violation of firearms policies, that this condones and encourages the behavior of United States Border Patrol agents shooting at Mexican citizens and tacitly condones the disregard of written policies by the agents. (*Id.*, ¶ 50) Plaintiffs allege that

United States Border Patrol agents practice a wrongful and negligent use of firearms, consisting of shooting persons encountered in the general vicinity of the United States border without regard to whether the agents are in any danger or whether the suspect individuals are armed or engaged in any illegal activity, and that, in fact, a significantly higher number of shootings have occurred along the international border between the United States and Mexico, but that these shootings and other physical and verbal abuse have gone unreported by the United States Border Patrol agents, and that United States Border Patrol, specifically the supervisors at the Douglas Border Patrol stations (*Id.*, ¶ 53) have had reason to know of the significant number of unreported incidents and have failed to investigate the information concerning abuse by their agents, and have had a custom and practice of condoning and ratifying misconduct and criminal activity in regards to unauthorized shootings, and practices such as punitive beatings of suspects. (*Id.*, ¶ 51-52, 66(4), 66(18))

These claims sufficiently address the deficiencies raised in this Court's previous report and recommendation. *See Whisnant v. United States*, 400 F.3d 1177, 1185 (9th Cir. 2005) (district court erred in dismissing plaintiff's allegations that the government ignored reports and complaints describing the unsafe conditions, knew or should have known dangerous conditions, and intentionally or recklessly or both intentionally and recklessly permitted employees and customers to work and shop at a commissary in spite of the health hazards); *United States v. Raz*, 343 F.3d 945 (8th Cir. 2003) (discretionary function exception to waiver of United States' sovereign immunity does not apply to preclude tort claims by plaintiff alleging that FBI agents conducted surveillance activities in violation of First and Fourth amendment rights);*Vickers*, 228 F.3d at 953 (Although INS investigators enjoy discretion in the conduct of an investigation, this discretion does not extend to the question of whether to report to superiors or to investigate at all an allegation of misuse of Service-issued firearms; failure to report or to investigate therefore constituted a failure to follow the mandatory requirements proscribed by agency

7

regulations as implemented by policy guidelines and thus FTCA's discretionary function exception does not apply).

Additionally, Plaintiffs allege that Defendant United States "possessed the knowledge that Corbett engaged in aggressive altercations with others that reflected a pattern that made him unsuitable to be retained as a U.S. Border Patrol Agent"...and despite this knowledge and because of the practice of condoning deprivations of constitutional rights, Defendant UNITED STATES failed to recognize such criminal and discriminatory behavior on the part of Corbett "*even though it confirmed that it was inappropriate to maintain Corbett's employment* with the United States Border Patrol, and this failure to terminate Corbett's employment directly and proximately resulted in DECEDENT's death on January 12, 2007." (*Id.*, ¶ 70)(*emphasis added*)

The Magistrate Judge finds that this paragraph of the claim sufficiently states that Defendant United States acted outside its discretion in violation of legal mandate to retain Corbett, and finds that the Court has jurisdiction over such claim.

Defendants argue that amendment would still be futile because this Court would lack jurisdiction over such a claim under the FTCA. The FTCA only authorizes tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "[T]he United States waives sovereign immunity 'under circumstances' where local law would make a 'private person' liable in tort." *United States v. Olson*, 546 U.S. 43, 44-45(2005). Defendant argues that Plaintiffs have not alleged an Arizona state law tort duty that was breached, nor is there an applicable private person analog under Arizona tort law. The United States believes there is no such tort liability for a private individual under like circumstances. For these reasons further amendment of the third claim would be futile.

Plaintiffs respond that they have made a routine negligence claim.  Such claims are, not surprisingly, cognizable under Arizona law. *See Gipson v. Kasey*, 214 Ariz. 141,

143 (elements of claim for negligence under Arizona law). Plaintiffs have alleged that Defendants had a duty to promulgate policies, practices and procedures that do not condone misconduct, criminal activity, or constitutional violations (¶ 67(b)), that defendants were negligent in their duties, in fact, promulgating policies, practices and procedures that condoned misconduct, criminal activity and constitutional violations (¶ ¶ 29, 32, 50-53, 66, 70); resulting directly and proximately in the death of decedent (¶ 75).

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Defendants' motion to amend (Doc. 40) be GRANTED.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CV 08-0648-TUC-DCB (lead) and CV 09-474-TUC-DCB (consolidated).**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 24th day of March, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge