# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Renato Ariza Dominguez and Maria Clara Leonor Rivera Cordero, as surviving parents of decedent, Francisco Javier Dominguez Rivera, and as successors in interest,<br><br>Plaintiffs,<br>v.<br><br>Nicholas William Corbett,<br><br>Defendant. | CV 08-648-TUC-DCB (BPV)<br>(Lead case) |
| Renato Ariza Dominguez, individually as the surviving father of Francisco Javier Dominguez and as Successor-in-Interest to the Estate of Francisco Javier Dominguez Rivera, Maria Clara Leonor Rivera Cordero, individually as the surviving mother of Francisco Javier Dominguez, and as Successor-in-Interest to the Estate of Francisco Javier Dominguez Rivera,<br><br>Plaintiffs,<br>v.<br><br>The United States of America; Nicholas William Corbett; United States Border Patrol Agents 1-100; Unknown Named Supervisory Agents 1-100; U.S. Department of Homeland Security; U.S. Customs and Border Protection; United States Border Patrol; U.S. Immigration and Customs Enforcement Agency; United States Department of Justice,<br><br>Defendants. | CV 09-474-TUC-DCB (BPV)<br>(Consolidated case)<br><br><br><br>**ORDER** |

On December 10, 2008, Plaintiffs filed a *Bivens*-Complaint against Defendant Nicholas Corbett alleging violations of the United States Constitution and civil rights violations. On August 24, 2009, Plaintiffs filed a Federal Torts Claim Act (FTCA)-Complaint against

Defendant Corbett and the United States Government. The cases were consolidated and referred to Magistrate Judge Bernardo Velasco on September 11, 2009. LRCiv. 72.1(a).

Following a Motion to Dismiss filed by Defendant United States, Plaintiffs filed First Amended Complaints in both cases, which were followed by another Motion to Dismiss the First Amended Complaints. On September 10, 2010, this Court adopted a Report and Recommendation (R&R) issued by the Magistrate Judge granting the Motion to Dismiss with leave to amend in part and without leave to amend in part. Subsequently, Plaintiffs filed a Motion to Amend and lodged a proposed Second Amended Complaint (SAC). Plaintiffs propose one amended complaint encompassing both the *Bivens* claim and the FTCA claim. On March 24, 2011, Magistrate Judge Velasco issued a R&R. He recommends granting Plaintiffs' Motion For Leave to File Second Amended Complaint.

The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court. However, the Court finds that filing a single SAC is procedurally confusing at this juncture of the case. Plaintiffs shall file a Second Amended *Bivens*-Complaint and a Second Amended FTCA-Complaint.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set out in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en*

*banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Plaintiffs' Response, and the parties' memoranda considered by the Magistrate Judge briefing the Motion For Leave to File Second Amended Complaint.

**OBJECTIONS**

On April 7, 2011, Defendants filed an Opposition to the R&R, objecting as follows: (1) the R&R mistakenly allowed a previously dismissed *Bivens* claim to remain in the proposed SAC; (2) the negligent supervision claim under the FTCA is not analogous to a routine state law negligence claim against a private person; (3) the third claim of the Second Amended FTCA-Complaint fails to state facts to support a plausible claim; and (4) the SAC included allegations against the Border Patrol, a subagency of the Department of Homeland Security, for which the United States has not waived its sovereign immunity.

**A. The R&R Mistakenly Allowed a Previously Dismissed *Bivens* Claim to Remain in the SAC.**

The First Amended *Bivens*-Complaint alleged two claims: one against Defendant Corbett and the other against unknown Border Patrol supervisory personnel. On September

10, 2010, the District Court granted the Government's motion to dismiss the second claim against Border Patrol supervisory personnel, with prejudice.

On October 25, 2010, the Plaintiffs filed a Motion for Leave to File a Second Amended Complaint and lodged the proposed SAC to remove the second claim from the *Bivens*-Complaint. Plaintiffs admit, through an oversight, that the *Bivens* claim continues to reference unnamed border patrol agents.

The Court finds that some of the problem is created by Plaintiffs combining both the *Bivens* and FTCA claims in one SAC, whereas previously, the cases were presented in two separate Complaints. The Court has reviewed the SAC and finds it confusing because the *Bivens* and FTCA cases are separate and independent of each other. Combining the allegations in one complaint raises procedural questions as to whether one case should be dismissed and the other amended to add claims. Given the procedural juncture of the case, the Court believed the Plaintiffs should continue to proceed as before by filing separate SACs, with the cases remaining consolidated. When Plaintiffs file the Second Amended *Bivens*-Complaint, they shall take care to delete the references to unnamed border patrol agents.

**B. The R&R Should Have Dismissed the Third Claim in the Second Amended FTCA-Complaint.**

The First Amended FTCA-Complaint contained three separate claims: 1) a battery claim against Agent Corbett; 2) a negligence claim against Agent Corbett; and 3) a negligent supervision claim against Defendant United States. On September 10, 2010, this Court ordered that the third claim in the FTCA-Complaint, which alleged negligent hiring, supervision and retention, be dismissed with prejudice because such claims generally fall within the discretionary function exception to the FTCA. However, the Court dismissed without prejudice the third claim to the extent it alleged negligent promulgation by policy-making defendants of supervisory policies, procedures and practices which condoned misconduct, criminal activity and constitutional violations.

The Defendants argue that the third claim in the Second Amended FTCA-Complaint does not state a valid FTCA claim because the allegations continue to state an impermissible constitutional *Bivens* claim or negligent supervision claim. The United States has not waived its sovereign immunity for either claim. (Defendant's Opposition at 6).

As the Magistrate Judge explained, sovereign immunity is waived under the FTCA "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (R&R at 8 (citing 28 U.S.C. § 1346(b)(1))). Plaintiffs have alleged that Defendants had a duty to promulgate supervisory policies, practices and procedures that do not condone misconduct, criminal activity, or constitutional violations, (R&R at 9 (citing SAC ¶ 67(b))); that the defendants were negligent in their duties, in fact, promulgating policies, practices and procedures that condoned misconduct, criminal activity and constitutional violations (R&R at 9 (citing SAC ¶¶ 29, 32, 50-53, 66, 70)); resulting directly and proximately in the death of decedent (R&R at 9 (citing SAC ¶ 75)).

The Court agrees with the Magistrate Judge that this satisfies the elements of a negligence claim under Arizona state law: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. (R&R at 8-9 (citing *Gipson v. Kasey,* 214 Ariz. 141, 143 (Ariz. 2007))).

**C. The R&R Should Have Dismissed the Third Claim of the Second Amended FTCA-Complaint Because Plaintiffs Failed to Allege Facts to State a Plausible Claim.**

The Defendants object to the Magistrate Judge's finding in the R&R that the third claim in the Second Amended FTCA-Complaint sufficiently states facts that the United States acted outside its discretion (R&R at 8). The Defendants argue that the third claim is not plausible because it does not identify any individual as responsible for a particular custom, policy or practice who knew of Corbett's alleged dangerous propensities and negligently supervised or retained him. (D's Opposition at 8).

The proposed SAC, lodged on October 5, 2010, makes further factual allegations of negligent behavior against the Defendants. First, Plaintiffs allege that the United States, through the United States Border Patrol, and Unknown Border Patrol Supervisors, "instituted and maintained the existence of United States Border Patrol customs, policies, practices and procedures the purpose of some of which was to approve, ratify, and condone acts of misconduct of agents within the ranks of the United States Border Patrol, including Defendant Corbett." (R&R at 6 (citing SAC ¶¶ 29, 66)).

Next, the Plaintiffs allege that the United States Border Patrol "has engaged in, encouraged and condoned a systemic pattern of unconstitutional use of deadly force against Mexican citizens who cross the international border between the United States and the Republic of Mexico. These unconstitutional practices and policies have been specifically applied at the Douglas Border Patrol station and have led to the unjustified and unconstitutional shooting of Mexican citizens and ultimately to the wrongful death of Francisco Javier Dominguez Rivera." (R&R at 6 (citing SAC ¶ 32)).

Specifically, the Plaintiffs allege that it is the custom, policy and practice for United States Border Patrol supervisors, in violation of written policies, to not enforce reporting requirements regarding shootings or shots fired, and to refuse or fail to take appropriate steps for violations of firearm policies, and that this condones and encourages the behavior of United States Border Patrol agents shooting at Mexican citizens and tacitly condones the disregard of written policies by the agents. (R&R at 6 (citing SAC ¶ 50)). Plaintiffs allege that United States Border Patrol agents practice wrongful and negligent use of firearms, consisting of shooting persons encountered in the general vicinity of the United States border without regard to whether the agents are in any danger or whether the suspect individuals are armed or engaged in any illegal activity, and that, in fact, a significantly higher number of shootings have occurred along the international border between the United States and Mexico, but that these shootings and other physical and verbal abuse have gone unreported by the United States Border Patrol agents, and that United States Border Patrol, specifically the supervisors at the Douglas Border Patrol stations, (R&R at 7 (citing SAC ¶

53)), have had reason to know of the significant number of unreported incidents and have failed to investigate the information concerning abuse by their agents, and have had a custom and practice of condoning and ratifying misconduct and criminal activity in regards to unauthorized shootings and practices such as punitive beatings of suspects. (R&R at 7 (citing SAC ¶¶ 51-52, 66(4), 66(18))).

Further, the Complaint also alleges that Defendant United States "possessed the knowledge that Corbett engaged in aggressive altercations with others that reflected a pattern that made him unsuitable to be retained as a U.S. Border Patrol Agent" … and despite this knowledge and because of the practice of condoning deprivations of constitutional rights, Defendant United States failed to recognize such criminal and discriminatory behavior on the part of Corbett "even though it confirmed that it was inappropriate to maintain Corbett's employment with the United States Border Patrol, and this failure to terminate Corbett's employment directly and proximately resulted in Decedent's death on January 12, 2007 (R&R at 8 (citing SAC ¶ 70)).

Relying on these allegations, the Magistrate Judge found that the third claim in the Second Amended FTCA-Complaint sufficiently states that Defendant United States acted outside its discretion to make decisions involving employee retention and supervision, including whether to warn about an employee's dangerous proclivities. (R&R at 8).

This Court finds that the allegations provide enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic v. Twombley,* 550 U.S. 544, 555 (2007). The facts alleged enable the Court to "infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009). Therefore, this Court agrees with and adopts the finding of the Magistrate Judge in the R&R that the Plaintiff's third claim in the Second Amended FTCA-Complaint has stated enough facts to raise a plausible negligence claim.

**D. The R&R Mistakenly Allowed Allegations Against the Border Patrol, a Subagency of the Department of Homeland Security, for Which the United States has not Waived its Sovereign Immunity.**

In the Second Amended FTCA-Complaint, the Plaintiff's third claim makes allegations against the United State's agencies, i.e., the United States Border Patrol. "Federal agencies can not be sued under the Federal Torts Claim Act." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). Under 28 U.S.C. § 2674 of the FTCA, the United States is liable for tort claims in the same manner and to the same extent as a private person. Under Section 28 U.S.C. § 1346(b)(1), money damages are available "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Therefore, the Second Amended FTCA-Complaint must allege facts showing a particular individual employee, known or unknown, employed as a supervisor, was negligent. Plaintiffs must do more than attack the policies and practices of the agency. While the allegations in the third claim now state facts supporting claims of plausible negligent conduct that does not fall within the discretionary exception to liability under the FTCA, the third claim continues to include allegations against the Border Patrol agency as being responsible for such conduct. The Border Patrol agency is not a proper Defendant in the FTCA action. When the Plaintiffs file the Second Amended FTCA-Complaint, they shall take care to name proper Defendants in this claim.

**CONCLUSION**

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for granting the pending Motion For Leave to File Second Amended Complaint. The Court adopts it. The Court, however, finds that combining the two First Amended Complaints into one Second Amended Complaint is procedurally confusing. Consequently, leave is granted

for Plaintiffs to file a Second Amended *Bivens*-Complaint and a Second Amended FTCA-Complaint.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave to File Second Amended Complaints (Doc. 40) is GRANTED.

**IT IS FURTHER ORDERED** that within 20 days of the filing date of this Order, Plaintiffs shall file the Second Amended *Bivens*-Complaint and the Second Amended FTCA-Complaint.

Dated this 18th day of July, 2011.

David C. Bury
United States District Judge